NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

VISTOR BARNES, PETITIONER, v. RENT-A-CAR COMPANY
OF NEW JERSEY, RESPONDENT.

\*　　\*　　\*　　\*　　\*　　\*　　\*.

2. The said petition filed by the petitioner alleged that on the 15th day of November, 1928, he was injured while he was driving an automobile owned by the respondent, which injury arose out of and in the course of his employment. The answer of the respondent admitted that the petitioner had sustained an accident but denied that the said accident arose out of and in the course of the petitioner's employment.

3. The matter came on for hearing Wednesday, the 8th day of May, 1929. At the said hearing the petitioner, Barnes, testified that around midnight of the 15th day of November, 1928, he was instructed by Raymond Lindsley, the general manager of the respondent's business, to drive him (Lindsley) to his home. He did so, and on their arrival at Lindsley's home, he said he was given permission by Lindsley to have his midnight meal before returning to the respondent's place of business. While he was returning from the restaurant where he had obtained his midnight meal, he was involved in an accident with another automobile.

4. The respondent produced Raymond Lindsley, the general manager as aforesaid, who denied expressly that he had given Barnes permission to use the car for the purpose of getting his midnight meal, and asserted that he had instructed Barnes to return to the respondent's garage with

the car immediately. Respondent then produced Earl Kelly, night manager of respondent's garage, who testified that Barnes had returned to the garage within fifteen or twenty minutes after he had departed to take Lindsley home. On Barnes' return he walked into respondent's place of business through the front or Broad street entrance, then went out again with the respondent's automobile in his possession.

5. After a consideration of all the facts and circumstances I do find that the petitioner was not engaged within the scope or in the course of his employment with the respondent at the time of the said accident.

\*     \*     \*     \*     \*     \*     \*

HARRY J. GOAS,
*Deputy Commissioner.*